JAP:DCP

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**13M226**

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

TROY L. MCMILLAN,

        Defendant.

- - - - - - - - - - - - - - - -X

C O M P L A I N T

(18 U.S.C. § 1709)

EASTERN DISTRICT OF NEW YORK, SS:

    STEPHANIE KOCUBINSKI, being duly sworn, deposes and states that she is a Special Agent with the United States Postal Service, Office of Inspector General, duly appointed according to law and acting as such.

    Upon information and belief, on or about and between May 2012 and March 13, 2013, within the Eastern District of New York, the defendant TROY L. MCMILLAN, being an employee of the United States Postal Service, did knowingly, intentionally and unlawfully embezzle, steal, abstract, and remove mail entrusted to him and which came into his possession intended to be conveyed by mail and carried and delivered by any carrier, messenger, agent or other person employed by the Postal Service.

    (Title 18, United States Code, Section 1709.)

2

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I have been a Special Agent with the United States Postal Service, Office of Inspector General ("USPS-OIG") since approximately June 2011. My information in this case comes from my personal involvement in this investigation, conversations with other USPS-OIG agents involved in the investigation and conversations with witnesses with firsthand knowledge of the events described herein.

2. Beginning on or about May 2012, several victims living in the 11236 zip code reported that their mail containing gift cards was never received by the intended recipients.

3. Upon further investigation, I learned that many of the reports of missing gift cards for zip code 11236 were attributed to carrier route C033.

4. On or about, March 12, 2013, I prepared three "test packages." The first test package ("Test Package One") was a pink envelope addressed to Julie Murphy, 1394 Remsen Ave., Brooklyn, NY 11236 which contained the following items: (a) one greeting card; (b) a $100 Target Company gift card with serial number 0-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-0; and (c) a prepaid $50 American Express bearing serial number 6000053397430. Test Package One also contained an electronic monitoring device, which was designed and placed in the

---

[1] Because the purpose of this Complaint is to state only probable cause, I have not described all the relevant facts and circumstances of which I am aware.

3

package in such a manner as to activate an alarm if the package was opened. The second test package ("Test Package Two") was a blue envelope addressed to Norma Ortega, 8713 Stillwill Place, Brooklyn, NY 11236 which contained a greeting card and a $10 Target Gift Card bearing serial number 041-300-568-808-708. The third test package ("Test Package Three") was a green envelope addressed to Jason Shah, 1128 E. 88th Street, Brooklyn, NY 11236 which contained a greeting card and a $10 Target Gift Card bearing serial number 041-300-560-750-114. Test Package Two and Test Package Three did not contain electronic monitoring devices.

5. On or about the morning of March 13, 2013 the three test packages were placed with package mail for Route 33, which was to be sorted and delivered by the defendant TROY MCMILLAN ("MCMILLAN"). The test packages were each addressed to fictitious addressees on postal route C033. If handled properly, the test packages should have been stamped with a "No Such Number" label and kept with the other "No Such Number" mail accumulated by the Canarise Post Office. "No Such Number" mail is eventually returned to the sender, which, for the test package, was an address in New Jersey, Delaware and Pennsylvania.

6. At approximately 10:00 a.m., agents observed the defendant place the test packages into his personal vehicle instead of depositing it into the bin for "No Such Number" mail. Management

4

of the Canarise Post Office checked the "No Such Number" mail and confirmed that the test packages had not been deposited there.

7. At approximately 10:45 a.m., MCMILLAN began the delivery of his assigned route at 1384 Remsen Street, Brooklyn, NY 11236. As the defendant began delivering the mail, the electronic monitoring device was activated, indicating that Test Package One had been opened. Postal agents kept the electronic monitoring device in range as the defendant continued delivering mail on his route. Postal agents recovered Test Package One from the garbage in front of 1384 Remsen Street. Test Package One had been opened and agents recovered the envelope, greeting card and American Express gift card. At the same time, other postal agents approached the defendant approximately one block away from 1384 Remsen Street and identified themselves.

9. MCMILLAN was advised of, and agreed to waive, his Miranda rights. He stated in sum and in part that he had taken the Target gift cards from the test packages and had done so in the past. The defendant later supplied a written sworn statement in which he admitted taking the three test packages as well as other Target gift cards on past occasions.

10. MCMILLAN consented to a search of his vehicle. A search of the defendant's vehicle revealed three Target gift cards recovered from the center console. Postal agents matched the serial

5

numbers of those gift cards to the three Target gift cards included in the test packages. In addition, the opened envelopes and greeting cards from Test Package Two and Test Package Three were recovered from the backseat of the defendant's car.

WHEREFORE, your deponent respectfully requests that the defendant TROY MCMILLAN be dealt with according to law.

STEPHANIE KOCUBINSKI
Special Agent
United States Postal Service,
Office of Inspector General

Sworn to before me this
13th Day of March, 2013

HONORABLE LOIS BLOOM
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK